United States District Court
Southern District of Texas
**ENTERED**
July 13, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **JESUS GARCIA-ACOSTA,** § <br> Petitioner, § <br> § <br> v.  § <br> § <br> **UNITED STATES OF AMERICA,** § <br> Respondent. § | **Civil Action No. 1:16-91** <br> **Criminal No. 1:13-398-1** |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 13, 2016, Petitioner Jesus Garcia-Acosta ("Garcia-Acosta") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Garcia-Acosta's motion be **DENIED** because his petition is factually and legally meritless on its face.

### I. Procedural and Factual Background

On May 21, 2013, a federal grand jury – sitting in Brownsville, Texas, – indicted Garcia-Acosta for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§ 1326(a) and 1326(b). U.S. v. Jesus Garcia-Acosta, Criminal No. 1:13-398-1, Dkt. No. 1 (hereinafter "CR").

#### A. Rearraignment

On December 3, 2013, Garcia-Acosta appeared before the District Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 11.

#### B. Sentencing

In the final presentence report ("PSR"), Garcia-Acosta was assessed a base offense level of eight for unlawfully entering the United States. CR Dkt. No. 11, p. 5. Garcia-Acosta was also assessed an additional sixteen-level enhancement, because – in 2005 – he had been

1

convicted of a felony drug trafficking offense. Id.; See U.S.S.G. § 2L1.2(b)(1)(A)(I). Garcia-Acosta received a three-level reduction for acceptance of responsibility. Id., p. 6. Thus, Garcia-Acosta was assessed a total offense level of 21.

Regarding his criminal history, Garcia-Acosta had nine adult criminal convictions and was assessed 12 criminal history points. CR Dkt. No. 11, pp. 6-12. This resulted in a criminal history category of V. Id., p. 12. Based on Garcia-Acosta's offense level of 21 and criminal history category V, the presentence report identified a guideline sentencing range of 70 to 87 months of imprisonment. Id., p. 16.

On April 22, 2014, the District Court sentenced Garcia-Acosta to 70 months of imprisonment, 3 years of supervised release – without supervision – and a $100 special assessment, which was remitted. CR Dkt. No. 24. The judgment was entered on May 5, 2014. Id.

### C. Direct Appeal

Garcia-Acosta's counsel filed a timely notice of appeal on his behalf. CR Dkt. No. 22, p. 1. In his appeal, Garcia-Acosta claimed ineffective assistance of counsel based upon the sentence in his case. Id. The Federal Public Defender who was appointed to represent Garcia-Acosta moved for leave to withdraw and filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and U.S. v. Flores, 632 F.3d 229 (5th Cir. 2011).

On June 5, 2015, the Fifth Circuit concluded that "[t]he record was not sufficiently developed to allow [them] to make a fair evaluation of Garcia-Acosta's claim of ineffective assistance of counsel; [they] therefore decline[d] to consider the claim without prejudice to collateral review." CR Dkt. No. 32 (citing U.S. v. Isgar, 739 F.3d 829, 841 (5th Cir.), cert. denied, 135 S. Ct. 123 (2014)). The Fifth Circuit further held that the appeal presented no nonfrivolous issues for appellate review. Accordingly, Garcia-Acosta's counsel's motion for leave to withdraw was granted; and Garcia-Acosta's appeal was dismissed. Id., p. 2.

Neither the Fifth Circuit docket nor the Supreme Court docket reflect the filing of a petition for certiorari. A petition for writ of certiorari is timely when it is filed within 90 days after entry of judgment. Sup. Ct. R. 13. When such a petition has not been filed, the

judgment becomes final upon the expiration of the 90 day period for filing such a petition. In Garcia-Acosta's case, that deadline expired on September 3, 2015. Garcia-Acosta then had one year, from that date, to timely file a § 2255 petition. U.S. v. Franks, 397 F. App'x 95, 98 (5th Cir. 2010).

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 13, 2016, Garcia-Acosta timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. The only issue raised in Garcia-Acosta's motion is that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA"), because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015).[1] Dkt. No. 1, p. 3.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Garcia-Acosta seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. The section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Where a petitioner exhausts or waives his direct appeal, the Court is entitled to

---

[1] Despite raising ineffective assistance on direct appeal, Garcia-Acosta did not raise it in his instant petition. It is well-settled that issues not raised are deemed waived. Edwards v. Johnson, 209 F.3d 772, 776 n.1 (5th Cir. 2000); Justiss Oil Co., Inc. V. Kerr-McGee Refining Corp., 75 F.3d 1057, 1067 (5th Cir. 1996).

presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Garcia-Acosta's claim, the Court is required to construe allegations by pro se litigants liberally to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Garcia-Acosta's claim.

#### A. Johnson is Inapplicable

Garcia-Acosta asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more earlier convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise

4

involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-listed and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Garcia-Acosta, none of it applies to his case. Garcia-Acosta was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 1. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 11. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Garcia-Acosta with a vehicle for relief.

### B. Gonzalez-Longoria Affords No Relief

Garcia-Acosta makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as defined by 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue – in the context of an 8 U.S.C. § 1326 sentencing enhancement for a prior crime of violence – in U.S. v. Gonzalez-Longoria,

813 F.3d 225 (5th Cir. 2016). There, the panel held the statutory definition of "crime of violence" in 18 U.S.C. § 16 is unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Garcia-Acosta may have found in that decision was short-lived; the panel opinion was withdrawn and Gonzalez-Longoria is pending consideration en banc.[2]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3. When a court decision is vacated, its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the Fifth Circuit en banc decision upholds the panel decision of Gonzalez-Longoria, it has no effect in the instant petition, because Garcia-Acosta's sentence was not enhanced for a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 11, p. 5. Instead, he was enhanced as a result of his prior felony conviction for a "drug trafficking" offense. Accordingly, the analysis in Johnson and Gonzalez-Longoria are not applicable to Garcia-Acosta's case.

An examination of Garcia-Acosta's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), a sixteen level enhancement was added to Garcia-Acosta's offense level, because he had a prior felony conviction for a drug trafficking offense in which the sentence imposed exceeded 13 months. CR Dkt. No. 11. A drug trafficking offense is expressly defined by the Sentencing Guidelines, not by reference to a residual "crime of violence" provision. Furthermore, the Sentencing Guidelines provision does not

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in Johnson or the panel decision in Gonzalez-Longoria. See Commentary on U.S.S.G § 2L1.2.[3]

Thus, Garcia-Acosta's reliance on Johnson and its progeny is factually and legally misplaced. Accordingly, his claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Jesus Garcia-Acosta's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

---

[3] The Court recognizes that there is a split among the circuits as to whether the void-for-vagueness doctrine employed in Johnson applies to the Guidelines. Compare Ramirez v. U.S., 799 F.3d 845, 856 (7th Cir. 2015), and U.S. v. Maldonado, 636 Fed. App'x. 807, 2016 WL 229833, at *3 (2d Cir. Jan. 20, 2016), and U.S. v. Frazier, 621 Fed. App'x. 166, 2015 WL 5062273, at *1-2 (4th Cir. 2015), and U.S. v. Goodwin, 625 Fed. App'x. 840, 843-44 (10th Cir. 2015), and U.S. v. Willis, 795 F.3d 986, 996 (9th Cir. 2015) (assuming that the vagueness doctrine applies to both statutory and Guideline provisions), with U.S. v. Matchett, 802 F. 3d 1185, 1194-95 (11th Cir. 2015). (holding that the vagueness doctrine does not apply to advisory guidelines). Because the petitioner does not dispute this issue, there is no need to address it here.

After reviewing Garcia-Acosta's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Garcia-Acosta's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 13, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge